**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN DOE, | No. 14-17439 |
| Plaintiff-Appellant, | D.C. No. 4:13-cv-02710-JSW |
| v. | |
| PRICEWATERHOUSECOOPERS LLP HEALTH & WELFARE BENEFITS PLAN and LIFE INSURANCE COMPANY OF NORTH AMERICA, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted September 19, 2017
San Francisco, California

Before: LUCERO,[**] GRABER, and HURWITZ, Circuit Judges.

Plaintiff John Doe appeals from the judgment entered in favor of

Defendants, PricewaterhouseCoopers LLP Health &Welfare Benefits Plan (the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Carlos F. Lucero, United States Circuit Judge for the Court of Appeals for the Tenth Circuit, sitting by designation.

"Plan") and Life Insurance Company of North America, which denied his claim for long-term disability benefits. We affirm.

The parties vigorously contest whether the court should review the denial of benefits de novo or for abuse of discretion. See Orzechowski v. Boeing Co. Non-Union Long-Term Disability Plan, Plan No. 625, 856 F.3d 686, 691–92 (9th Cir. 2017) (discussing standards of review). We need not resolve that difficult issue, because the result would be the same either way. Reviewing de novo, we conclude that Plaintiff was not disabled within the meaning of the Plan at the relevant time.

Plaintiff undeniably suffered a period during which he could not work, when he checked himself into a residential substance abuse treatment facility to address alcohol and cocaine addiction (December 2011 to February 2012). But he completed the program successfully and has maintained sobriety since then.

Plaintiff also was diagnosed with ADHD, which he has had since childhood, and he has grappled since childhood with other mental health issues as well; yet he worked very successfully as a "global engagement partner" of PricewaterhouseCoopers for many years despite those challenges. Indeed, one of the medical providers, Ms. Cohn, observed that by using appropriate medication for ADHD and mood swings, Plaintiff now can function better than he did before obtaining the diagnosis. Similarly, Dr. Chiarottino reported by the spring of 2012

that Plaintiff's symptoms were improved with medication for ADHD. And Plaintiff reported to Mr. Lipfield during rehabilitation that he was doing well.

Dr. Verby examined Plaintiff in March 2012, several months before the crucial date for purposes of determining disability, and his opinion was not supported by ongoing narrative progress or treatment notes. Moreover, Dr. Verby did not note any psychiatric conditions that would preclude Plaintiff from performing his regular occupation.

Finally, Dr. Flippen and, later, Dr. Goldman (both psychiatrists) reviewed all the medical records and spoke to some of Plaintiff's providers. Both psychiatrists concluded that Plaintiff did not have work restrictions after the early spring of 2012.

We have carefully considered Plaintiff's remaining contentions and find none of them persuasive.

**AFFIRMED.**